# Township of Springfield v. Warner et ux.

*David Groshens*, for plaintiff.

*High, Swartz, Childs and Roberts*, for defendants.

DANNEHOWER, J., June 10, 1955.—This is a petition by the defendants, property owners in Springfield Township, Montgomery County, to determine the validity of a municipal lien for $363.44, representing the balance alleged to be due under a front-foot sewer assessment by the claimant, a first class township.

Counsel have stipulated the following facts:

Defendants are owners of a lot with 100 feet of frontage. Springfield Township has laid sewers along this frontage as follows: One section running east and ending 10 feet east of defendants' westerly line, and one from the opposite direction ending 50 feet west of defendants' easterly line. Defendants were billed for $827.27, representing a charge for each of the 100 feet of their frontage, plus a $50 lateral charge.

Defendants, contending the township could assess only for so much of its frontage as actually abutted on the sewer, paid to the township $464.83, represent-

ing the $50 lateral charge, plus the proper charge for the 60 feet of abutting frontage. The township filed its lien for the difference of $363.44 and defendants, pursuant to the Act of May 16, 1923, P. L. 207, sec. 14, 53 PS §2034, presented their petition to determine the validity of the lien.

By agreement of counsel, the sum of $363.44 has been paid into court by the defendants.

The First Class Township Code of May 27, 1949, P. L. 1955, 53 PS §19092-2408, from which the township ordinance must necessarily be derived, provides as follows:

"The charge for any such sewer system construction in any township shall be assessed upon the properties accommodated or benefited in either of the following methods:

"(a) By an assessment, pursuant to Township Ordinance, of each lot or piece of land in *proportion to its frontage abutting on the sewer*, allowing such reduction in the case of properties abutting on more than one sewer as the Ordinance may specify. No assessment by frontage shall be made on properties of such a character as not to be lawfully subject to such manner of assessment, and each abutting property shall be assessed with not less than the whole amount of the benefit accruing to it and legally assessable.

"(b) By an assessment upon the several properties abutting on the sewer in proportion to benefits. The amount of the charge on each property shall be ascertained as provided in this Act for the assessment of benefits.

"When a Township is divided into sewer districts, the assessment in each district may be by different methods." (Italics supplied).

Pursuant to the above enabling act, Springfield Township enacted ordinance no. 347, the relevant portion of which reads as follows:

"Section 8. That upon completion of the construction of the sewers, the cost of which may lawfully be assessed, the township Engineer shall determine the cost thereof and make a calculation of assessments and a schedule thereof giving: (a) the total length of such sewers in fact and the total cost thereof; (b) the frontage in feet of each lot or tract of land abutting on such sewers; (c) the charge for lateral connections where installed and (d) the amount of assessment charged thereon and the name and address of the owner or owners of such lots or tracts of land."

If the enabling act had used the language "the frontage in feet of each lot or tract of land abutting on such sewers" we might be faced with a question of interpretation over which much confusion has arisen due to a combination of the failure of the legislature to clearly define the front-foot rule and the varied definitions given to the word "abut". In Borough of Harmony v. Rape, 49 Pa. C. C. 350 (1919), and Borough of Elizabethtown v. Muth Brothers, 43 Lanc. 66 (1932), it was held that it was proper under the front-foot rule to assess the entire frontage even though only part of it touched or abutted on the improvement. However, the General Borough Act of May 14, 1915, P. L. 312, which governed both of those cases provided, chapter 6, art. XII, sec. 6:

"Whenever any borough shall determine to construct any sewer . . . shall by ordinance assess the cost thereof as a sewage tax upon the property adjoining or adjacent to the same either by the foot-front rule or in such other manner as to the burgess and town council may seem equitable."

Even a cursory comparison of such language to that of the enabling act in the case at bar clearly indicates that decisions under one are not controlling under the other.

Under the 1915 Act, a borough was merely in-

structed to use the front-foot rule, and did not define it. The first class township enabling act specifically recites ". . . each lot or piece of land in proportion to its frontage abutting on the sewer. . .". The use of the words "in proportion", in our opinion, removes all possible doubt as to the legislature's intent that the front-foot rule as applied includes only that portion of frontage which actually touches the improvement and therefore any portion of frontage not actually touching the sewer is not assessable.

Probably for the reason that the language of the enabling act is so clear, this precise point has never been raised in a reported decision. However, in Baberick v. Abington Township et al., April term, no. 60, Montgomery County (1951), an unreported decision, Corson, J., said:

". . . We feel that Section 2408 must be construed to mean that the assessment can only be made upon that part of the frontage of the particular lot that abuts upon the sewer. The chance of location may theoretically favor the owner of such lot (where only 10 feet of 150 feet of frontage abutted on the sewer) but under the act we cannot see how the defendants could have acted otherwise than they did in making the assessments." (Parenthesis supplied).

We concur with this decision and its reasoning, and therefore conclude that section 8 of the Springfield Township ordinance intended to assess a lot "in proportion to its frontage abutting on the sewer" in accordance with the First Class Township Code from which it derives its power to assess.

Since, as was said in Scranton Sewer, 213 Pa. 4 (1905), "A municipality can impose a valid municipal lien for . . . improvements only when the improvements are made in pursuance of law and the mode pointed out by the city ordinance is strictly followed. . . . A clear right must, therefore, be shown by the

municipality to justify such an act of sovereign power", any lien imposed upon a property owner by a municipality must be in strict accordance with a duly enacted valid ordinance, and, if it is not, it must be stricken.

### Order

And now, June 10, 1955, for the foregoing reasons, the lien in favor of Springfield Township against Frank A. Warner and Winnie D. Warner, in the amount of $363.44 recorded in mechanics lien docket 126, page 358, is herewith declared invalid and ordered stricken therefrom; and the prothonotary, having received the sum of $363.44 upon a rule absolute on defendants' petition for leave to pay the said sum into court, is herewith directed to pay over to the defendants $363.44, less poundage.